# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      v.                                                        Criminal Action No. 2:10CR13

**DAVID NELSON BURR,**
        **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, David Nelson Burr, in person and by counsel, Lary Garrett, appeared on January 18, 2011. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Two of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. During his summarization several oral amendments were made to the written agreement. Defendant stated the agreement as summarized and amended by counsel for the Government was correct and complied with his understanding of the same. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was

signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, David Nelson Burr, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned Magistrate Judge examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned reviewed with Defendant Count Two of the Indictment, including the elements the United States would have to prove at trial, charging him with possession of pseudoephedrine knowing or having reasonable cause to believe it was to be used in the manufacture of methamphetamine (aided and abetted), as charged in Count Two of the indictment, in violation of Title 21, United States Code, Sections 841(c)(2) and Title 18 United States Code, Section 2. Upon inquiry by the Court, Defendant advised that he had met with counsel only at his arraignment and this date.

The Court therefore ordered a recess in order that Defendant might confer with his counsel. Following the recess (between one half hour and forty five minutes in length), the hearing continued.

The undersigned reviewed Count Two of the indictment and the written plea agreement. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to at least three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable within 40 days following entry of his guilty plea. He also understood that his sentence could be increased if he had prior firearm offense, violent felony, or drug convictions. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct: Did you and Mr. Garret discuss that under 18 USC section 3742, you have an absolute right to appeal your conviction, and any sentence that is imposed to the Fourth Circuit Court of Appeals which is located in Richmond, Virginia?

Def: Yes.

Ct: Did you and Mr. Garrett discuss that you may use a motion under 28 USC section 2255 to collaterally challenge or attack the sentence and how that sentence was imposed?

Def: Yes.

Ct: Did you understand that under paragraph 13 of your plea agreement (if you'll turn to that) if the District Judge in sentencing you, sentences you to an actual sentence that is consistent with a

Ct: total offense guideline level of 23 or lower then you give up your right to directly appeal to the Fourth Circuit and you give up your right to collaterally challenge that sentence?

Def: Yes.

Ct: Is that what you intended to do?

Def: Yes.

Ct: Did you understand further that by that waiver if the Judge sentences you and that sentence is equivalent to or the same as a guideline sentence with a guideline level of 23 or lower, the Court of Appeals or for that matter any reviewing District Court could dismiss your appeal or dismiss your habeas corpus motion, 28 USC 2255 challenge, without ever giving you an opportunity to be heard, because of the waiver?

Def: Yes.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the written plea bargain agreement.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Two of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count Two of the Indictment and make a determination as to whether to accept or reject any recommendation or stipulation contained

within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not be permitted to withdraw his guilty plea.. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Thereupon, Defendant, David Nelson Burr, with the consent of his counsel, Lary Garrett, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Two of the Indictment.

The Court heard the testimony of West Virginia State Trooper David Malcolm, who testified he was on DUI patrol on June 13, 2009, in Buckhannon, West Virginia. He was in uniform and in a State Police vehicle. He saw Defendant's vehicle in the early morning hours on Rt. 20 in Buckhannon. The vehicle had stopped with its left turn signal on. It did not dim its headlights for approaching

vehicles, and had a loud muffler. The vehicle did not make a left turn, instead continuing straight. Trooper Malcolm turned around and stopped the vehicle on Fayette Street. It was 1:50 a.m. Defendant was the driver and his co-defendant Garrett Jankowski, was in the passenger seat. Trooper Malcolm walked up to the occupants and asked Defendant for his driver's license, registration, and insurance card, which were provided. Trooper Malcolm spotted a bag of marijuana on the floorboard of the vehicle. It was about 6 inches long with a diameter about equal to a 50 cent piece.

Trooper Malcolm asked Defendant if he had been drinking, had taken any drugs, or if he had any drugs or guns in the vehicle other than the marijuana. Defendant stated that he did not think so. Trooper Malcolm advised Defendant that he would search the vehicle and it would be a good time to "come clean." Defendant then stated he had two boxes of pseudoephedrine under the front seat of the car. When asked why he had the pseudoephedrine, Defendant said he traded it for methamphetamine or sold it for $50.00 a box. Trooper Malcolm searched the vehicle and found, instead of two boxes of pseudoephedrine, a plastic ziploc bag of pseudoephedrine under the driver's seat.

Trooper Malcolm then obtained Board of Pharmacy records for Defendant. The records indicated that between May 2007 and May 2009, Defendant purchased over 27 grams of pseudoephedrine. On November 3, 2008, he made two purchases, one at a Rite Aid and one at a WalMart in Fairmont. Trooper Malcolm testified that an individual purchasing pseudoephedrine in Fairmont, who lived in Buckhannon was suspicious. Defendant also made purchases of pseudoephedrine on July 7 and July 8 2008, again from two different stores. Trooper Malcolm also reviewed the signature logs from those stores, which Defendant had signed. He Also noted that other people made purchases of pseudoephedrine at the same time.

Defendant stated he heard, understood and agreed with Trooper Malcolm's testimony, except that the need to travel outside Buckhannon to purchase pseudoephedrine was because one needed a prescription to buy it in Buckhannon.

The undersigned United States Magistrate Judge concludes Defendant's plea of guilty to the offense charged in Count Two of the Indictment is supported by the testimony of West Virginia State Trooper David Malcolm.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Two of the Indictment; Defendant understood the consequences of his plea of guilty, including the maximum statutory penalty; Defendant made a knowing and voluntary plea of guilty to Count Two of the Indictment; and Defendant's plea is independently supported by the testimony of Trooper Malcolm, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Two of the Indictment and recommends he be adjudged guilty on said charge as contained in Count Two of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this case.

Defendant having entered into a plea agreement with the Government, the Motion to Suppress filed by Defendant on December 13, 2010 [Docket Entry 34] is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: January 20, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE